IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| WILLIAM L. ELLIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 12-6031-CV-SJ-DGK |
| MATTHEW W. CIANCIOLO, D.O., et al., | ) |
| Defendants. | ) |

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

This case arises from Plaintiff's allegations of medical malpractice against Defendants Matthew W. Cianciolo, D.O., and Mike Stroud, N.P. Pending before the Court is Defendants "Motion to Dismiss Dr. Cianciolo and Stroud and/or The United States of America for Lack of Subject Matter Jurisdiction" (Doc. 5).[1] For the following reasons, the motion is granted, and Plaintiff's case is dismissed without prejudice for lack of subject matter jurisdiction.

### Background

Plaintiff William Ellis filed the present action seeking monetary damages against Defendants Matthew Cianciolo and Mike Stroud for medical malpractice occurring during a medical appointment with Dr. Cianciolo in December 2011. Defendants Cianciolo and Stroud subsequently moved to substitute the United States as the party-defendant in the action because (1) Drs. Cianciolo and Stroud were acting in the scope of employment with Northwest Health Services, Inc., a federally supported health center, during the relevant events alleged in Plaintiff's complaint; (2) the Federal Supported Health Centers Assistance Act, 42 U.S.C. § 233(a)-(n) provides federally supported health centers and their employees the protections of the

---

[1] Plaintiff did not file a response to the pending motion despite the Court granting him additional time to respond (Doc. 8) (noting that failure to file a response would result in the Court ruling the motion on the existing record).

Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq. ("FTCA"); and (3) under the FTCA, the United States of America is the only properly named defendant. *Artis v. Petrovsky*, 638 F. Supp. 51, 53 (W.D. Mo. 1986). Accordingly, on May 14, 2012, the Court issued an order granting Defendants' motion to substitute the United States as the Defendant in place of Drs. Cianciolo and Stroud. Defendant United States now seeks dismissal of the action for lack of subject matter jurisdiction.

## Standard

The United States of America is immune from suit unless it waives its immunity and consents to be sued. *United States v. Dalm*, 494 U.S. 596, 608, (1990); *Miller v. Tony and Susan Alamo Found.*, 134 F.3d 910, 915 (8th Cir. 1998). Consequently, prior to 1946, sovereign immunity prevented those injured by the negligent acts of federal employees from obtaining any redress through lawsuits. *Dalehite v. United States*, 346 U.S. 15, 24-25 (1953). In 1946, the FTCA was enacted to serve as a limited waiver of sovereign immunity with respect to some tort claims against the United States. *Murray v. United States*, 686 F.2d 1320, 1323 (8th Cir. 1982). In order to bring such a claim, litigants must strictly observe the "limitations and conditions upon which the government consents to be sued." *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981).

## Discussion

The following condition must be satisfied before a plaintiff can bring a lawsuit against the United States under the FTCA:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). Here, Plaintiff has not filed any written administrative claim with the Department of Health and Human Services ("HHS"), and accordingly, HHS has not rendered a final denial of Plaintiff's claim. Therefore, this Court does not have jurisdiction to hear Plaintiff's claim at this time. For the reasons stated above, Defendant's Motion is GRANTED and this case is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:  August 20, 2012                             /s/ Greg Kays
                                                   GREG KAYS, JUDGE
                                                   UNITED STATES DISTRICT COURT